IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ELVIS JOSE GARCIA-QUINTERO,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-544

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the McCook Detention Center in McCook, Nebraska. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a native of Venezuela who entered the United States at or near Hidalgo, Texas on April 29, 2026. Filing 8 at 3. He was detained by the Border Patrol and placed in removal proceedings. Filing 13 at 3-4. On May 4, he was released on recognizance and enrolled in the Alternatives to Detention program. Filing 8 at 4; filing 8-1; filing 8-3.[1] On October 30, the petitioner allegedly absconded and was terminated from ATD. Filing 8 at 4.

[1] ATD was an ICE program that used electronic monitoring and other technologies to ensure compliance with release conditions. *See generally* Department of Homeland Security, DHS/ICE/PIA-062 Alternatives to Detention (ATD) Program, https://perma.cc/9XZF-QRMS (last updated August 24, 2023); U.S. Immigration and Customs Enforcement, Alternatives to Detention, https://perma.cc/NFA5-RR7Z (last updated January 7, 2026); Audrey Singer, Cong. Rsch. Serv., R45804, Immigration: Alternatives to Detention (ATD) Programs (2019).

On June 10, 2026, the petitioner was arrested in Lancaster County for a DUI. Filing 8 at 4; filing 13-2. ICE was notified and detained the petitioner on June 23. Filing 8 at 4; filing 8-2; filing 8-3 at 1. According to the government, the petitioner's order of release on recognizance "was formally revoked for failing to comply with his conditions of release," *i.e.*, his arrest for alleged DUI. Filing 8 at 4; filing 8-3 at 1. An immigration judge held a hearing on July 28 and found that the immigration court lacked jurisdiction to issue a bond pursuant to 8 U.S.C. § 1225, as construed by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Filing 8 at 4. The petitioner remains in detention in the McCook Detention Center and his removal proceedings are ongoing. Filing 8 at 4; filing 13-4.

The government argues that the petitioner is properly detained without bond pursuant to § 1225, as construed by the Eighth Circuit in *Avila*. Filing 6 at 5-6. The Court disagrees for the reasons articulated in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026): The petitioner was conditionally released pursuant to § 1226(a)(2)(B), and nothing in *Avila* permits the government to effectively recategorize him. *Dos Santos Silva*, 2026 WL 926725, at *1.

The purported revocation of the petitioner's bond does not change that conclusion, because the record does not establish that the petitioner's release was *properly* revoked. Pursuant to the relevant regulations,

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.

8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). And here, the order upon which the government's argument relies was issued by a "Supervisory Detention and Deportation Officer." Filing 8-3 at 1. Nothing in the record suggests that the SDDO who purported to revoke the petitioner's release was authorized to do so within the strictures of §§ 236.1(c)(9) and 1236.1(c)(9). Nor does anything suggest that the petitioner was provided with an opportunity to address the purported basis for that revocation (which was, after all, a charge, not a conviction for anything).

And as the Court has explained, due process does not permit an alien released on recognizance to be deprived of the liberty interest that confers unless the government complies with its own regulations and provides notice and an opportunity to be heard. *Dos Santos Silva*, 2026 WL 926725, at *2. Accordingly, because the petitioner was on conditional parole pursuant to § 1226(a)(2)(B) when he was detained, and there is nothing in the record suggesting that any qualifying officer exercised discretion to revoke the petitioner's release, *see* §§ 236.1(c)(9) and 1236.1(c)(9), the Court will conditionally grant the petition for the reasons articulated in *Dos Santos Silva*.

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **<u>on or before October 16, 2026</u>**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. **On or before October 23, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 9th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge